UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00118-DJH-LLK

WILLIAM F. MORAN                                                    PLAINTIFF

v.

AMERIHOME MORTGAGE CO., LLC                              DEFENDANT

## OPINION AND ORDER

Plaintiff filed a Motion to Deposit Funds with this Court. [DN 7]. Defendant filed a Response to the Motion. [DN 8]. The time for a Reply to the Defendant's Response has passed. LR 7.1(c). In support of this Motion, Plaintiff argues that "prior to Amerihome's removal of this action to this Court, Plaintiff was paying his monthly mortgage payments to Bullitt Circuit Court pursuant to an Order of the Bullitt Circuit Court Dated August 4, 2021." *Id.* Plaintiff now requests leave to pay the ongoing mortgage payments into this Court, pending resolution of this action. *Id.* Defendant opposes the motion on the grounds that "[n]othing in the mortgage contract authorizes payment of the monthly mortgage to a Court, especially when the parties have a good faith dispute over the proper amount of each monthly payment." [DN 8]. Defendant also contends "Plaintiff's motion makes no mention of what the Court is supposed to do with the funds it will hold, or how those payments would affect the contractual relationship between Plaintiff and AmeriHome."

The Plaintiff cites no authority to support the deposit of funds in this case, and the Parties have not cited, and this Court has not found any case from the Sixth Circuit, or any District Court therein, directly on point. Rule 67 allows "Depositing Property" where "if any part of the relief sought is a money judgment or the disposition of a sum of money… a party… may deposit with

the court all or part of the money…, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Rule 67 has been described as "a procedural device… intended to provide a place for safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationship and legal duties of each party." *Ray Legal Consulting Group v. DiJoseph, III, et al.*, 37 F.Supp.3d 704, 729 (S.D.N.Y. 1992). "It is intended to relieve the depositor of the burden of administering an asset." *Thurston v. Sisca, et al.*, No.1:14-cv-1150(GTS).(DEP), 2015 WL 6872329, *6, slip op. (N.D.N.Y. Nov. 9, 2015) (*quoting John v. Sotheby's, Inc.*, 141 F.R.D. 29, 34 (S.D.N.Y. 1992)). Determining whether to permit or deny such a deposit is within a court's discretion. *DiJoseph*, 37 F.Supp.3d at 729.

As the Plaintiff's Motion to Deposit Funds into Court pursuant to Rule 67 is based entirely on the Plaintiff's previous payment into a different court, and because the nature of this action could potentially "provide a means of altering the contractual relationship and legal duties of each party," the Court finds that granting the Plaintiff's Rule 67 Motion is not warranted. *DiJoseph*, 37 F.Supp.3d at 729.

Plaintiff's Motion to Deposit Funds into Court [DN 7] is hereby **DENIED.**

**IT IS SO ORDERED.**

May 26, 2022

**Lanny King, Magistrate Judge**
**United States District Court**

cc:    Counsel of Record

2