UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Case No. 3:22-cv-118-DJH-LLK

**WILLIAM F. MORAN,**  PLAINTIFF

v.

**AMERIHOME MORTGAGE CO., LLC,** *et al.*,  DEFENDANTS

## REPORT AND RECOMMENDATION

On March 18, 2025, the Court referred Defendant's Motion to Enforce Settlement Agreement, Motion [DN 77], to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Referral Order [DN 85]. The Motion seeks to enforce a Settlement Agreement between Defendant AmeriHome Mortgage Co., LLC ("AmeriHome" or "Defendant") and Plaintiff William Moran ("Plaintiff"). Plaintiff responded to the Motion, Response [DN 80], and Defendant replied, Reply [DN 81]. The matter being ripe for review, the undersigned Magistrate Judge respectfully **RECOMMENDS** that the Motion be **GRANTED**.

## BACKGROUND

This case began as an action for fraud and violation of the Fair Credit Reporting Act ("FCRA"), Response [DN 80] at 1; Motion [DN 77] at 1, arising from Defendant's alleged improper "handling of flood insurance premium in Plaintiff's mortgage escrow account." Response [DN 80] at 1. Following an unsuccessful settlement conference before the undersigned Magistrate Judge Lanny King in March of 2023, the parties continued negotiations and agreed to a settlement in principle of Plaintiff's claims against Defendant, on or about October 2, 2023. Response [DN 80] at 1-2; Motion [DN 77] at 1. The Court then entered a text order stating that

1

"[c]ounsel for the parties notified the Court they have reached a settlement agreement in this matter." Text Order of October 10, 2023 [DN 62]. Pursuant to the Settlement Agreement (which Plaintiff now challenges), Defendant agreed to pay a sum-certain for the dismissal of Plaintiff's claims against Defendant, with prejudice. Response [DN 80] at 2; Motion [DN 77] at 2. The parties agreed that Defendant would provide the first draft memorializing the Settlement Agreement, which was sent to Plaintiff in late October of 2023. *Id.* On November 13, 2023, Plaintiff sent a revised draft to Defendant's counsel which proposed certain amended terms that he contends are material. *Id.*

The amended terms included requirements that the "check be delivered by courier," rather than by U.S. mail, and that the Settlement Agreement "was to be physically signed (not e-signed) and notarized." Response [DN 80] at 1-2; Motion [DN 77] at 1, 5. Plaintiff's insistence that such terms are material is suspect (to say the least); nonetheless, Defendant eventually compromised as to their substantial inclusion. *See* Response [DN 80] at 4. Plaintiff's proposed terms which remain in dispute include that the Settlement Agreement should:

a) "include specific mortgage payment terms and a breakdown of Plaintiff's monthly mortgage payment,"

b) not include the release of "unknown claims," and

c) "include a provision whereby Plaintiff must agree to any escrow payments inconsistent with the terms stated in the [Settlement Agreement]."

Response [DN 80] at 2-3; Motion [DN 77] at 3. Plaintiff argues that without the amended terms, the Settlement Agreement is unenforceable.

2

## LEGAL STANDARD

"'It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.'" *Bamerilease Cap. Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (quoting *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988)).[1] "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001) (citing *Brock*, 841 F.2d at 154). "[S]ummary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." *Id* at 646.

Summary enforcement is appropriate here. Neither party has requested an evidentiary hearing in this matter, and "no issue of fact is present." *See id.* (finding no evidentiary hearing required where record shows that all essential terms had been agreed upon "and all that remained was to sort out the non-material details and put the agreement in writing."); Response [DN 80] at 1 ("The 'Relevant Facts and Procedural History' Amerihome sets forth in its Motion to Enforce Settlement Agreement are generally accurate").

The parties agree that Kentucky law governs enforcement of the Settlement Agreement, and both cite to *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381 (Ky. App. 2002). *See* Response [DN 80] at 3; Motion [DN 77] at 5. "An agreement to settle legal claims is essentially a contract subject to the rules of contract interpretation. It is valid if it satisfies the requirements associated with contracts generally, *i.e.*, offer and acceptance, full and complete terms, and consideration." *Cantrell Supply*, 94 S.W.3d at 384. There is no dispute between the

---

[1] Neither party argues that the Court lacks authority to enforce the Settlement Agreement. *See* Motion [DN 77] at 6 ("[T]here is no dispute that this Court has jurisdiction over the controversy."); *see generally* Response [DN 80] (providing no argument against Court's jurisdiction).

parties as to whether the consideration requirement was satisfied, and the undersigned Magistrate Judge finds that there was satisfactory **(I)** offer and acceptance and **(II)** full and complete terms to enforce the Settlement Agreement.

## I.     OFFER AND ACCEPTANCE

This analysis relies upon the "summary of email exchanges" submitted in AmeriHome's Declaration of John R. Wirthlin. *See* Wirthlin Declaration [DN 77-1]. Plaintiff does not contest the summary's accuracy or sufficient completeness. *See* Response [DN 80] at 5 (arguments relying on the email summary presented by AmeriHome); *id.* at 1 ("The 'Relevant Facts and Procedural History' Amerihome sets forth in its Motion to Enforce Settlement Agreement are generally accurate"). The summary shows that on September 22, 2023, following months of negotiations between the parties, AmeriHome asked (or offered) Plaintiff, "Can we now close the settlement at $[][2] with a settlement agreement with a release of all claims?" *Id.* at 3. The next email from Plaintiff on October 2 replied (or accepted), "We're settled in Moran for $[]. Please send a draft settlement agreement." *Id.*

The emails clearly evince a valid offer and acceptance and an "objectively manifested" intent to settle Plaintiff's claims for a certain amount. *See Snowden v. City of Wilmore*, 412 S.W.3d 195, 207 (Ky. Ct. App. 2013) ("A party's mental reservations and unexpressed intentions will not supersede outward expressions of assent or override objective and unequivocal manifestations of assent to terms of the settlement agreement. Rather, in deciding whether a settlement agreement has been reached, the court looks to the objectively manifested intentions

---

[2] The parties agree that the specific monetary amount should remain confidential.

of the parties.") The parties even notified the Court they had settled, further manifesting their objective understanding. *See* Text Order of October 10, 2023 [DN 62] ("Counsel for the parties notified the Court they have reached a settlement agreement in this matter."); *RE/MAX Int'l,* 271 F.3d at 646 (party objectively expressed an intent to be bound when it communicated its "belief that an agreement had been reached in a newsletter to its employees.")

## II.     FULL AND COMPLETE TERMS

Plaintiff first argues that because Defendant's October 2, 2023, email-offer acknowledged that the terms were to be reduced to a formal, written settlement agreement, such acknowledgement admitted that the parties had yet to agree to all material terms. *See* Response [DN 80] at 6. But "[t]he existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement." *RE/MAX Int'l,* 271 F.3d at 646 (6th Cir. 2001). "[E]very possible term need not be defined," and the agreement need only "set forth the 'essential terms' of the deal." *Associated Warehousing, Inc. v. Banterra Corp.*, No. 5:08-CV-00052-TBR, 2010 U.S. Dist. LEXIS 68605, *6 (W.D. Ky. July 9, 2010) (quoting *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F.Supp.2d 784, 790 (W.D. Ky. 2001)). Plaintiff's resistance to enforcement in this regard—premised on the offer's inclusion of the prepositional phrase "with a settlement agreement"—is unpersuasive. *See* Wirthlin Declaration [DN 77-1] at 3 ("Can we now close the settlement at $[] *with a settlement agreement* with a release of all claims?") (emphasis added).

Plaintiff next argues that the parties did not agree to other essential terms, and that to be enforceable, the Settlement Agreement **a)** should include specific mortgage payment terms, **b)** should not include a release of "unknown claims," and **c)** should include certain details regarding

5

escrow payments. *See* Response [DN 80] at 2-3; Motion [DN 77] at 3. Plaintiff does not provide any supplement to the email exchanges attempting to show why he considers material terms to include **a)** mortgage payment terms or **c)** details regarding escrow payments as to the underlying mortgage. Plaintiff has therefore not shown that he had objectively manifested his position that these terms were material to their Agreement. *See Snowden*, 412 S.W.3d at 207. Defendant argues that "[t]he subject note and mortgage are their own separate and enforceable contracts," *see* Motion [DN 77] at 7, and there is no clear reason to find that their modification or inclusion was an essential part of the deal that Plaintiff made.

The only term that need be addressed is **b)** whether Plaintiff agreed to release "unknown claims." In response to the question of "[c]an we now close the settlement at $[] with a settlement agreement with a release of *all claims*?" Plaintiff answered in the affirmative— "[w]e're settled[.]" Wirthlin Declaration [DN 77-1] at 3 (emphasis added). Based on a plain reading of this exchange, Plaintiff agreed to release "all claims" in exchange for payment. The word "all" is sufficiently broad to include claims that are "unknown." While the parties do not cite any Kentucky case interpreting this specific language in a release, other courts have not struggled to decipher the parties' intent in very similar circumstances. *See Conklin v. Hearne*, No. 17-cv-00330, 2018 Nev. Dist. LEXIS 679 (Nev. Dist. Ct., Washoe Cty. June 1, 2018) ("The Court finds despite Hearne's attempt to create doubt as to which 'claims' were intended to be released, the 'all claims' language in Exhibit 1 is more than sufficiently clear that the parties intended to release all claims, including those unknown to Hearne, such that the Court may determine what is expected of the parties under the release."); *see also Jones v. City of Cleveland*, No. 1:19-CV-01275, 2020 U.S. Dist. LEXIS 105887, *7 (N.D. Ohio June 17, 2020) (agreement to release "all claims" included grievances).

It is noteworthy that Plaintiff's own draft Amended Settlement Agreement, [DN 80-2], proposed omitting the paragraph titled "Release of Unknown Claims" but retained language in other paragraphs agreeing to exactly that. *See, e.g., id.* at 4 ("[Plaintiff] hereby unconditionally, irrevocably, forever and fully releases, acquits, and forever discharges [Defendant] of and from any and all claims, demands, actions, causes of action … whether in law or equity, *whether known or unknown*[.] ") (emphasis added).

Finally, the cases Plaintiff relies upon holding certain settlement agreements to be unenforceable are far-removed from the present circumstances and do not require an in-depth discussion. *See Sims v. Ms.*, No. 1:22-cv-02000-JRS-KMB, 2024 U.S. Dist. LEXIS 31128, *4 (S.D. Ind. Feb. 23, 2024) (discussing *pro se* party who agreed to settle in a "rushed conversation" over the telephone); *Fields v. AT&T Umbrella Ben. Plan No. 1*, No. 18-13259, 2020 U.S. Dist. LEXIS 252341, *7-8 (E.D. Mich. July 31, 2020) ("[E]-mail exchanges between counsel for the litigants underscores that they had reached a mutual agreement as to the dollar amount attributable to the disability income benefits dispute; there was no discussion of the medical benefits dispute.") ("Paragraph 8 of the Release includes an acknowledgment that Fields had twenty-one days from the receipt of the Agreement to consider whether to sign it and seven days after signing the Agreement to revoke it. The Agreement became 'final and binding' after the revocation period.")[3]

---

[3] Plaintiff's October 2, 2023, acceptance included the statement that he "would like the agreement to take effect on Jan. 1, 2024." Wirthlin Declaration [DN 77-1] at 3. Plaintiff does not argue that this condition was material.

## ATTORNEYS' FEES

Defendant summarily requests "reasonable attorneys' fees for the costs related to this Motion." Motion [DN 77] at 1. While there is ample reason to find that, as Defendant suggests, Plaintiff is merely "attempting to back-out of a valid and binding agreement" by insisting upon the inclusion of immaterial terms, *see* Reply [DN 83] at 7, Defendant cites no authority in support of an award of fees in these circumstances. In this regard, Plaintiff's Response is well-taken. *See* Response [DN 80] at 3 n.4. Briefing on the issue of attorneys' fees is therefore unnecessary absent a demonstration of bad faith, or other conduct warranting such an award, in finalizing a written Settlement Agreement.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that:

1. Defendant's Motion to Enforce Settlement Agreement, Motion [DN 77], be **GRANTED**, and

2. Defendant's request for attorneys' fees be **DENIED**, consistent with the above.

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

April 17, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

8